# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### (January 1, 2008 Edition)

Civil Action No.<u>07-cv-02662-LTB-BNB</u>

    PATRICK LAWLER

    Plaintiff(s),

v.

    REI, INC. A/K/A RECREATIONAL EQUIPMENT, INC.

Defendant(s).

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

February, 20. 2008

*[Provide the date of the conference and the names, addresses, and telephone numbers of counsel for each party and each pro se party. Identify by name the party represented by each counsel.]*

| | |
|---|---|
| Cathy A. Klein | Jeffrey J. Cowman |
| Woodrow & Sobel, P.C. | Perkins Coie, LLP |
| 999 Eighteenth St., #2550 | 1899 Wynkoop St., #700 |
| Denver, CO 80202 | Denver, CO 80202 |
| 303-296-1400 | 303-291-2300 |
| | |
| Counsel for Plaintiff | Counsel for Defendant |

## 2. STATEMENT OF JURISDICTION

*[Provide a concise statement of the basis for subject matter jurisdiction with appropriate statutory citations. If jurisdiction is denied, give the specific reason for the denial.]*

This is a civil action for which this Court has original jurisdiction pursuant to 28 U.S.C. Sec. 1332 because it involves an amount in controversy exceeding $75,000.00, exclusive of interest and costs and is between parties of diverse citizenship.

### 3. STATEMENT OF CLAIMS AND DEFENSES

*a.*  Plaintiff(s):

Plaintiff Patrick Lawler claims Defendant was negligent, breached its implied warranty of fitness for a particular purpose, breached it implied warranty of merchantability, breached it express warranty and engaged in misrepresentation of fact.

*b.*  Defendant(s):

Defendant admits it sold to Plaintiff on about December 10, 2005 a NOVARA Big Buzz bicycle, however generally denies the remaining allegations of Plaintiff's Complaint. Defendant specifically denies that the bicycle was defective at the time it was sold to Plaintiff and asserts as affirmative defenses, that Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted; that Plaintiff's claims are barred by his voluntary assumption of known risks; that Plaintiff's claims are barred by his use of the product in a manner not intended or, in the alternative, his abuse or misuse of the product; that Plaintiff's damages, if any, were caused or contributed to by Plaintiff's own negligence or fault; that Plaintiff's claims are barred because his injuries and damages, if any, were proximately caused by the negligent acts or omissions of third persons over

whom Defendant exercised no control and for whose conduct Defendant bears no responsibility; that to the extent the product or any part thereof is found to be defective, it was made defective by unforeseen alteration, change, improper maintenance, abnormal use, or misuse by Plaintiff or persons or entities over whom Defendant exercised no control and for whom conduct Defendant bears no responsibility; that Plaintiff's damages, if any, are the result of his failure to mitigate same; and that Plaintiff's claims may be barred or limited by collateral source doctrine.

    *c.*    Other Parties:

There are no other parties.

*[Provide concise statements of all claims or defenses. Each party, in light of formal or informal discovery undertaken thus far, should take special care to eliminate frivolous claims or defenses. Fed. R. Civ. P. 16(c)(1), 11. Do not summarize the pleadings. Statements such as defendant denies the material allegations of the complaint" are not acceptable.]*

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. On or about Dec. 10, 2005 Patrick Lawler purchased a NOVARA Big Buzz bicycle, serial number: F04091644 from Defendant REI.

2. Defendant REI impliedly warranted the bicycle to be suitable and fit for the purposes for which such bicycle is used, riding.

3. Plaintiff Lawler is a person who was reasonably expected to use the bicycle for riding.

4. Defendant REI sold the bicycle to Plaintiff Lawler.

5. Defendant REI was engaged in the business of selling bicycles for use or consumption.

*[When the parties have their rule 26(f) meeting, they should make a good-faith attempt to determine which facts are not in dispute.]*

## 5. COMPUTATION OF DAMAGES

$200,000 - The figures will be broken down once Plaintiff has all supporting data such as medical costs and lost wages.

*[Include a computation of all categories of damages sought and the basis and theory for calculating damages. See Fed. R. Civ. P. 26(a)(1)(C). This should include the claims of all parties. It should also include a description of the economic damages, non-economic damages, and physical impairment claimed, if any.]*

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of rule 26(f) meeting:

February 6, 2008

b. Names of each participant and party he/she represented:

| | |
|---|---|
| Cathy A. Klein | Jeffrey J. Cowman |
| Woodrow & Sobel, P.C. | Perkins Coie LLP |
| 999 Eighteenth St., #2550 | 1899 Wynkoop St., #700 |
| Denver, CO 80202 | Denver, CO 80202 |
| 303-296-1400 | 303-291-2300 |
| Counsel for Plaintiff | Counsel for Defendant |

c. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):

None

d. Statement as to when rule 26(a)(1) disclosures were made or will be made:

Parties anticipate exchanging mandatory disclosures on or before February 13, 2008.

*[If a party's disclosures were not made within the time provided in Fed. R. Civ. P. 26(a)(1), the party must provide here an explanation showing good cause for the omission.]*

e. Statement concerning any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement. If there is agreement to conduct joint interviews with potential witnesses, list the names of such witnesses and a date and time for the interview which has been agreed to by the witness, all counsel, and all *pro se* parties:

None at this time.

f. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. In those cases, the parties must indicate what steps they have taken or will take to (i) preserve electronically stored information; (ii) facilitate discovery of electronically stored information;(iii) limit associated discovery costs and delay; and (iv) avoid discovery disputes relating to electronic discovery. Describe any

agreements the parties have reached for asserting claims of privilege or of protection as trial- preparation materials after production of computer-generated records.

*[When the parties have their Rule 26(f) meeting, they must discuss any issues relating to the disclosure and discovery of electronically stored information, including the form of production, and also discuss issues relating to the preservation of electronically stored information, communications, and other data. At the Rule 26(f) conference, the parties should make a good faith effort to agree on a mutually acceptable format for production of electronic or computer-based information. In advance of the Rule 26(f) meeting, counsel should carefully investigate their client s information management system so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved.]*

The parties do not expect that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form, however agree to cooperate in producing such items in a mutually acceptable format.

## 7. CONSENT

*[Pursuant to D. C. COLO.LCivR 72.2, all full-time magistrate judges in the District of Colorado are specially designated under 28 U.S. C. 636(c)(1) to conduct any or all proceedings in any jury or nonjury civil matter and to order the entry of judgment. Upon consent of the parties and an order of reference from the district judge, the magistrate judge assigned the case under 28 U.S.C. 636(a) and (b) will hold the scheduling conference and retain settlement jurisdiction, whereas pretrial case management, jurisdiction of dispositive motions, and trial will be assigned to the magistrate judge drawn at random under D. C. COLO.LCivR 72.2.]*

*[Indicate below the parties consent choice. Parties consenting to the exercise of jurisdiction by a magistrate judge must complete and file the court-approved Consent to the Exercise of Jurisdiction by a United States Magistrate Judge form.]*

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

April 1, 2008

*[Set time period within which to join other parties and to amend all pleadings. This portion of the scheduling order relates to timing only. It does not eliminate the necessity to file an appropriate motion and to otherwise comply with Fed. R. Civ. P. 15. Unless otherwise ordered in a particular case, for good cause, these dates should be no later than 45 days after the date of the scheduling conference, so as to minimize the possibility that late amendments and joinder of parties will precipitate requests for extensions of discovery cutoff, final pretrial conference, and dispositive motion dates. Counsel and pro se parties should plan discovery so that discovery designed to identify additional parties or claims is completed before these deadlines.]*

b. Discovery Cut-off:

August 1, 2008

c. Dispositive Motion Deadline:

September 2, 2008

*[Set time periods in which discovery is to be completed and dispositive motions are to be filed.]*

d. Expert Witness Disclosure

(1) *State anticipated fields of expert testimony, if any.*

Plaintiff Lawler anticipates experts in the areas of (a) bicycle mechanics and all related bicycle issues, and (b) medical treatment.

(2) Defendant anticipates endorsing experts in the fields of bicycle design, maintenance and mechanics and may also endorse medical experts.

*(2) State any limitations proposed on the use or number of expert witnesses.*

Three experts per **side** ~~Plaintiff and three experts per Defense~~.

*(2) The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before* <u>May 1, 2008</u>.

*(2) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before* <u>June 2, 2008</u>.

*(3) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.]*

e. Deposition Schedule:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Defense expert | May – July, 2008 | | |
| Various bicycle mechanics and sales persons and management of Defendant | May-July, 2008 | | |
| Plaintiff Lawler | May-July, 2008 | | 7 hours |
| Christopher Hirose, M.D. | May-July, 2008 | | 3 hours |
| Alan Fine | May-July, 2008 | | 4 hours |
| Peter Jacobson | May-July, 2008 | | 1 hour |

*[List the names of persons to be deposed and a schedule of any depositions to be taken, including (i) a good faith estimate of the time needed for the deposition and (ii) time(s) and date(s)for the deposition which have been agreed to by the deponent and persons signing the scheduling order. The parties must comply with the notice and scheduling requirements set forth in D.C.COLO.LCivR 30.1.]*

6. Interrogatory Schedule

*[Set a schedule for the submission of and response to written interrogatories, if any are desired.]*

**All written discovery must be served so that responses are due on or before the discovery cut-off** Interrogatories ~~will be served by June 27, 2008~~

7. Schedule for Request for Production of Documents

*[Set a schedule for the submission of and response to requests for documents, if any are desired.]*

**All written discovery must be served so that responses are due on or before the discovery cut-off** ~~Requests for Production of Documents will be served June 27, 2008.~~

8. Discovery Limitations:

(1) Any limits which any party wishes to propose on the number of depositions. The parties do not anticipate any limitation except as set forth in the FRCP.

(2) Any limits which any party wishes to propose on the length of depositions. The parties do not anticipate any limitations except as set forth in the FRCP.

(3) Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules.

None at this Time.

(4) Limitations which any party proposes on number of requests for production of documents and/or requests for admissions.

> The parties agree to limit the Requests for Production to 25 requests per side.
>
> The parties agree to limit the Requests for Admissions to 25 requests per side.

*[At the rule 26(f) meeting, the parties should make a good-faith attempt to agree to limit the number of depositions, interrogatories, requests for admissions, and requests for production. In the majority of cases, the parties should anticipate that the court will adopt the numerical limitations on depositions and interrogatories established in Fed. R. Civ. P. 30(a)(2)(A), 33.]*

(5) Other Planning or Discovery Orders

> None at this time.

*[Set forth any other proposed orders concerning scheduling or discovery. For example, the parties may wish to establish specific deadlines for submitting protective orders or for filing motions to compel.]*

### 9. SETTLEMENT

*[The parties must certify here that, as required by Fed. R. Civ. P. 26(f), they have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution. They must also report the result of any such meeting, and any similar future meeting, to the magistrate judge within ten days of the meeting.]*

Counsel discussed the possibility of settlement and agree to keep the possibility of settlement discussions open throughout the case.

## 10. OTHER SCHEDULING ISSUES

    a.    A statement of those discovery or scheduling issues, if any, on which counsel, after a good-faith effort, were unable to reach an agreement.

        None at this time.

    b.    Anticipated length of trial and whether trial is to the court or jury.

        5 day jury trial

    c.    A request to conduct appropriate pretrial proceedings in the Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado. [Determination of any such request will be made by the assigned magistrate judge based on the individual needs of the case and the availability of space and security resources.]

        Does not apply.

## 11. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

    a.    A settlement conference will be held on **June 26, 2008, at 1:30 p.m.**

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

    ( )    *Pro se* parties and attorneys only need be present.

    (X)    *Pro se* parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

(X) Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before **June 19, 2008**, outlining the facts and issues, as well as the strengths and weaknesses of their case.

b. Status conferences will be held in this case at the following dates and times:

_____

_____


c. A final pretrial conference will be held in this case **November 3, 2008, at 9:00 a.m.** A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than **October 27, 2008** ~~five days before the final pretrial conference.~~

## 12. OTHER MATTERS

*[The following paragraphs shall be included in the scheduling order:]*

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures established by the judicial officer presiding over the trial of this case.

In addition to filing an appropriate notice with the clerk's office, a pro se party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with

D. C. COLO. LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

## 13. AMENDMENTS TO SCHEDULING ORDER

*[Include a statement that the scheduling order may be altered or amended only upon a showing of good cause.]*

*The Scheduling Order may be altered or amended only upon a showing of good causes.*

Dated February 20, 2008.


BY THE COURT:

s/ Boyd N. Boland
_____

United States Magistrate Judge

APPROVED:

s/Cathy Klein  _____          s/Jeffery J. Cowman

_____ ____   _____

Cathy Klein                                    Jeffery J. Cowman

Woodrow & Sobel, P.C.                          Perkins Coie, LLP

999 Eighteenth Street, Suite 2550              1899 Wynkoop St., #700

Denver, CO 80202                               Denver, CO 80202

(303) 296-1400                                 (303) 291-2300

Counsel for Plaintiff                          Counsel for Defendant

*[Please affix counsels' and any pro se party's signatures before submission of the scheduling order to the court.]*